IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ROYAL DALE JUAN BROWN, )<br>)<br>Defendant. ) | Case No. 23-CR-339-GKF-3 |

**OPINION AND ORDER**

Before the court is defendant Royal Dale Juan Brown's Motion to Dismiss Counts One, Two, and Five of the Indictment. [Doc. 49]. He argues that Counts One and Five fail to allege that he is an Indian, a necessary element of an offense under the Major Crimes Act, 18 U.S.C. § 1153, and that Count Two must be dismissed because it is predicated on his commission of the crime alleged in Count One. For the reasons stated below, the motion is granted.

Count One of the Indictment alleges that, on or about September 14, 2023, within Indian country in the Northern District of Oklahoma, defendants Keenan Duke Lamont Brown II and Isaac Emiliano Littleman-Ortega, both Indians, committed the crime of Robbery in Indian Country by taking property of approximately $200 in value from the person of Brittany Hester by force, violence, and intimidation, and that defendant Royal Brown willfully caused the robbery to be done pursuant to 18 U.S.C. § 2(b). It alleges the acts were in violation of 18 U.S.C. §§ 1151, 1153, and 2111.

Count Two of the Indictment alleges that the three defendants, aiding and abetting each other, knowingly carried, used, and brandished a firearm during and in relation to the crime of violence, that is, Robbery in Indian Country, as alleged in Count One. It alleges that the acts were in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Count Five of the Indictment alleges that, on or about September 14, 2023, within Indian Country in the Northern District of Oklahoma, the two Indian defendants, aiding and abetting each other, knowingly kidnapped Ivan Vega, and that defendant Royal Brown willfully caused the kidnapping to be done, pursuant to 18 U.S.C. § 2(b).  It alleges the acts were in violation of 18 U.S.C. §§ 1151, 1153, 1201(a)(2) and 1201(d).

"The Major Crimes Act allows federal courts to try serious crimes listed in the Act when they are committed by Indians in Indian country . . ." COHEN'S HANDBOOK OF FEDERAL INDIAN LAW § 6.01[1], at 491 (Nell Jessup Newton ed., 2012).[1]  "In order to prosecute under [the Major Crimes Act], the Government must prove, as a jurisdictional requisite, that an Indian committed one of the fourteen enumerated crimes against another Indian, or any person, within Indian country." *United States v. Torres*, 733 F.2d 449, 453-54 (7th Cir. 1984).  Or, as the Eighth Circuit puts it, to establish federal jurisdiction under § 1153, "the burden is on the Government to prove that the major crime was committed by an Indian in Indian country." *United States v. Jewett*, 438 F.2d 495, 497 (8th Cir. 1971).  And in *United States v. Graham*, 572 F.3d 954, 956 (8th Cir. 2009), *rehearing en banc denied*, 598 F.3d 930 (8th Cir. 2009), the Eighth Circuit observed that "[t]he plain language of § 1153 covers any 'Indian' who commits [one of § 1153's enumerated offenses]."  The Indictment in that case, which failed to allege that Graham was an Indian, was deficient since Indian status is an essential element of § 1153.  *Id.*

---

[1] The history behind the enactment of the Major Crimes Act is discussed in *Keeble v. United States*, 412 U.S. 205, 209-212 (1973).  There, the Government characterized the Act as "a carefully limited intrusion of federal power into the otherwise exclusive jurisdiction of the Indian tribes to punish Indians for crimes committed on Indian land." *Id.* at 209.

The fourteen enumerated crimes of the Major Crimes Act include robbery, the crime charged in Count One, and kidnapping, the crime charged in Count Five. In the instant case, the Indictment does not allege that Royal Brown was an Indian who committed either of those crimes.

Although Indian status is a necessary jurisdictional element of an offense under § 1153, the plaintiff argues this court "has jurisdiction over [Royal] Brown because [Royal] Brown aided and abetted Keenan Brown and Ortega in the commission of the robbery of Hester and the kidnapping of Vega." [Doc. 58, p. 4]. It contends that Royal Brown is properly before this Court as an aider and abettor under 18 U.S.C. § 2(b).

As an initial, somewhat technical matter, the Court notes that the Indictment does not allege that Royal Brown "aided and abetted" Keenan Brown and Ortega pursuant to 18 U.S.C. § 2(a). Rather, it alleges, pursuant to 18 U.S.C. § 2(b), that Royal Brown "willfully caused" Keenan Brown and Ortega to rob Hester and to kidnap Vega. However, under either theory, aiding and abetting liability or willful causation liability, Section 2 abolishes the common law distinction between a principal and an accessory. Someone who either aids and abets or willfully causes another to commit a crime is as guilty as the principal actor.

But can the plaintiff cure the absence of the necessary "Indian status" jurisdictional element in Counts One and Five by charging Royal Brown pursuant to 18 U.S.C. § 2(b) as one who caused defendants Keenan Brown and Ortega to rob Hester and to kidnap Vega? The parties cite no controlling authority, and this court has found none.[2] However, in *United States v. Graham*, the

---

[2] Both parties cite *United States v. Prentiss*, 206 F.3d 960 (10th Cir. 2000), *vacated and remanded to the panel*, 256 F.3d 971, 985 (10th Cir. 2001) (en banc), *conviction vacated*, 273 F.3d 1277 (10th Cir. 2001). In *Prentiss*, the circuit panel ultimately held that, in a prosecution under 18 U.S.C. § 1152 (the "General Crimes Act"), the indictment's failure to allege the status of victims or the defendant as being Indian or not was not harmless. 273 F.3d at 1283. *Prentiss* does not address the issue of whether 18 U.S.C. § 2 extends federal jurisdiction to a non-Indian accomplice charged under § 1153.

Eighth Circuit held that "§ 2 does not extend federal jurisdiction to [a non-Indian] accomplice charged under § 1153." 572 F.3d at 957. The court first noted that the Government had cited no authority applying aider-and-abettor liability in the Indian law context, then turned to its previous decision in *United States v. Norquay*, 905 F.2d 1157 (8th Cir. 1990), in which it considered an Indian defendant's argument that, because his non-Indian accomplice could be prosecuted only under Minnesota law, he should be sentenced under Minnesota law to avoid disparate treatment. Norquay, the Indian defendant, had pled guilty to burglary under § 1153, but his non-Indian accomplice was outside the reach of federal jurisdiction under § 1152 because the victim of the burglary was also a non-Indian. The *Graham* court also referenced *United States v. James*, 980 F.2d 1314 (9th Cir. 1992), wherein the court stated "[w]hen the indictment is questioned *prior* to trial, reference to a statute cannot cure a defect in the indictment where it fails to allege the elements of the crime." *Id.* at 1318.[3]

Plaintiff urges the court to give *Graham* short shrift due to "an anemic analysis of 18 U.S.C. § 2" and its analysis of *Norquay*, which was not concerned with 18 U.S.C. §§ 2 and 1153. But the Eighth Circuit's discussion of aider-and-abettor liability, though short, draws attention to the absence of authority applying that liability in the context of the Major Crimes Act, wherein a necessary jurisdictional element is the Indian status of the defendant. Though a defendant can, in other contexts, be convicted as an aider and abetter without proof that he participated in each and every element of the offense, *see United States v. Sigalow*, 812 F.2d 783, 785 (2d Cir. 1987), neither the government in *Graham* nor in this case have pointed to authority applying aider-and-

---

[3] In *James*, the Indian defendant, who had been convicted of rape in Indian country, argued on appeal that the indictment was defective because it failed to state the jurisdictional fact that he was an Indian. The court of appeals held that the defect was cured at trial by uncontested evidence that the defendant was an enrolled Indian.

abettor liability in a case where the Indian status of the defendant is a necessary *jurisdictional* element.  As for the panel's analysis of *Norquay*, that case involved the alleged accomplice liability of a non-Indian who was outside the reach of federal jurisdiction under 18 U.S.C. § 1152 because the victim was also a non-Indian.  By analogy, the circuit panel in *Graham* concluded that accomplice liability under § 2 did not extend federal jurisdiction to an accomplice charged under § 1153.  Though two Eighth Circuit judges dissented from the denial of the petition for rehearing *en banc*, the dissenters did not address the jurisdictional nature of the Indian status element contained in § 1153.

This court concludes that here, as in *Graham*, the Indictment fails to allege the necessary "Indian status" jurisdictional element of the two § 1153 claims brought against the non-Indian defendant, Royal Brown.  It further concludes that the plaintiff cannot invoke federal jurisdiction against Royal Brown by alleging under 18 U.S.C. § 2 that he caused his Indian co-defendants to commit the § 1153 crimes alleged in Counts One and Five.  Finally, it concludes that Count Two must be dismissed as against defendant Royal Brown, as it is explicitly predicated on his commission of the robbery alleged in Count One.[4]

A prudential basis also exists for today's ruling.  In the absence of controlling authority on the issue, and in light of the federal government's characterization in *Keeble* of the Major Crimes Act as "a carefully limited intrusion of federal power into the otherwise exclusive jurisdiction of

---

[4] The docket reveals that on October 27, 2023, the plaintiff sought a Writ of Habeas Corpus ad Prosequendum for defendant Royal Brown, that this Court immediately issued that writ, and that Royal Brown was taken into federal custody on November 2, 2023.  However, Royal Brown remains in the primary custody of the State of Oklahoma, as the State previously brought charges against him in Tulsa County District Court Case No. CF-2023-3340 for Robbery with a Firearm in violation of 21 Okla. Stat. § 801 and Conjoint Robbery in violation of 21 Okla. Stat. § 800.  The two state criminal charges arise out of the same incidents charged in Counts One and Two of this federal Indictment, and they remain pending.

the Indian tribes to punish Indians for crimes committed on Indian land," this court declines to permit the expansion of federal jurisdiction under § 1153 by virtue of a federal prosecutor's use of 18 U.S.C. § 2. Absent approval by the Tenth Circuit, federal prosecutors may not properly indict non-Indian defendants under the Major Crimes Act through the use of accomplice liability under 18 U.S.C. § 2.

WHEREFORE, the Motion of defendant Royal Dale Juan Brown to Dismiss Counts One, Two, and Five [Doc. 49] is granted.

DATED this 5th day of December, 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE